IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TIMOTHY BOX, #1771236,<br>　　　　　Petitioner, | §<br>§<br>§ | |
| v. | § | CIVIL NO. 3:16-CV-1318-K-BK |
| | § | |
| LORIE DAVIS, Director, TDCJ-CID,<br>　　　　　Respondent. | §<br>§<br>§ | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, the *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 was referred to the United States Magistrate Judge. For the reasons that follow, it is recommended that the petition be summarily **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations.

**I. BACKGROUND**

In 2012, Petitioner was convicted of burglary of a habitation and sentenced to 99 years' imprisonment. *Box v. State*, No. 29114-422 (422nd Judicial District Court, Kaufman County, 2012), *aff'd* No. 05-12-00421-CR, 2013 WL 1319359 (Tex. App. -- Dallas, Mar. 28, 2013, pet ref'd). On April 26, 2013, Petitioner filed a petition in federal court that he intended to file in the Texas Fifth Court of Appeals at Dallas, thus, the case was administratively closed. *Box v. Thaler*, No. 3:13-CV-1613-K-BK (N.D. Tex. May 8, 2013). Subsequently, Petitioner unsuccessfully sought state habeas relief. *Ex parte Box*, No. WR-83,880-01 (Tex. Crim. App Oct. 14, 2015) (denying state habeas application).[1] On March 1, 2016, Petitioner requested an unspecified extension of time to prepare a federal habeas petition, which this Court dismissed for

---

[1] The online docket sheet is available at http://www.search.txcourts.gov/Case.aspx?cn=WR-83,880-01&coa=coscca (last accessed January 9, 2017).

want of jurisdiction because it was not accompanied by a skeletal petition. *Box v. Stephens*, No. 3:16-CV-0649-K-BK (N.D. Tex. Mar. 31, 2016). On May 12, 2016, the Court denied Petitioner's April 27, 2016 motion for reconsideration, but directed that the federal petition and brief (which Petitioner had submitted with his motion for reconsideration) be filed as of April 27, 2016, in this new action. Doc. 1. Afterward, because his federal petition appeared untimely filed, the Court directed Petitioner to respond regarding the application of the one-year limitations period.[2] Doc. 8; Doc. 11.

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief, which the Court may consider *sua sponte*. *See* 28 U.S.C. § 2244(d); *Kiser v. Johnson*, 163 F.3d 326, 328-329 (5th Cir. 1999).

Petitioner filed his federal petition well beyond the one-year limitations period. *See* 28 U.S.C. § 2244(d)(1)(A) (a state prisoner ordinarily has one year to file a federal habeas petition, starting from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"). Petitioner's conviction became final on April 15, 2014 -- 90 days after the Texas Court of Criminal Appeals refused his petition for discretionary review on January 15, 2014.[3] *See* Sup. Ct. R. 13(1) and (3); *Clay v. United States*,

---

[2] The dates listed in this recommendation were verified through information available on the state court Internet web pages and the electronic state habeas record obtained through the TCCA.

[3] The online docket sheet for the petition for discretionary review is available at http://www.search.txcourts.gov/Case.aspx?cn=PD-0526-13&coa=coscca (last visited Jan. 9, 2017).

537 U.S. 522, 528 n. 3 (2003). Moreover, Petitioner's first federal petition (which was intended for filing in state court) did not statutorily toll the limitations period. *See Duncan v. Walker*, 533 U.S. 167, 181-182 (2001) (no statutory tolling during pendency of federal action). Thus, as of the signing of Petitioner's state habeas application on January 7, 2015, 266 days of the one-year limitations period had elapsed. The state application remained pending until its denial on October 14, 2015, statutorily tolling the one-year limitations period. *See* 28 U.S.C. § 2244(d)(2) (statutory tolling available during pendency of properly filed state application). The one-year period resumed running the next day, on October 15, 2015, and expired 99 days later on January 22, 2016, long before Petitioner signed his motions for extension of time and for reconsideration on February 28 and April 18, 2016, respectively.

Additionally, subsections (B) through (D) of section 2244(d)(1) are inapplicable. Petitioner alleges no state-created impediment that prevented timely filing of his claims, does not base his claims on any new constitutional right, and the facts supporting his claims became or could have become known prior to the date on which his conviction became final. Consequently, the federal petition is clearly outside the one-year statute of limitations absent equitable tolling.

*Equitable Tolling and Illness*

Petitioner's filings, even when liberally construed in accordance with his *pro se* status, do not present due diligence and "rare and exceptional circumstances" warranting equitable tolling. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."). Unexplained delays do not evince

due diligence or rare and extraordinary circumstances.  *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) ("[E]quity is not intended for those who sleep on their rights.") (quotation and quoted case omitted); *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999) ("In order for equitable tolling to apply, the applicant must diligently pursue . . . [habeas] relief.").

Furthermore, this is not a case in which Petitioner pursued "the process with diligence and alacrity."  *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).  In fact, he delayed 266 days after his conviction first became final, before he filed his state habeas application.  Petitioner also did not promptly file this federal petition, waiting instead 137 days after the denial of his state habeas application on October 14, 2015, before submitting his motion for extension of time to file a federal petition on February 28, 2016.  By then, the one-year limitations period had elapsed some 30 days earlier.  Clearly these unexplained delays do not exemplify due diligence.

Moreover, Petitioner fails to meet the burden of proving rare and exceptional circumstances warranting equitable tolling.  He complains of delays in initially filing his state habeas application because an inmate writ writer, who had all of Petitioner's legal work was reassigned to another prison unit.  Doc. 11 at 3.  Petitioner avers that "[t]his caused a great hardship because of the fact TDCJ-ID doesn't allow correspondence amongst offenders" and "he was in the dark" about his state habeas application.  *Id.*  However, Petitioner's wife ultimately obtained the state application from the writ writer and, as previously noted, timely filed it with the state convicting court, and the writ writer returned all of the legal documents to Petitioner.  *See letter request for extension of time* in Case No. 3:16-CV-0649-K-BK, Civ. Doc. 3 at 2-3.

Petitioner also mentions a prison lockdown from March 29 to April 9, 2016, which he claims prevented him from accessing the law library to prepare and submit his federal petition. *See Motion to Reconsider* in Case No. 3:16-CV-0649-K-BK, Civ. Doc. 9 at 1.  Petitioner avers he was confined in a "5 x 8 cell without a writing surface and [was] prevented from using any other facility with a table to prepare and present to the Courts and its officials a legible filing." *Id.*  Even if true, the one-year limitations period had elapsed on January 22, 2016, more than two months before the lockdown.

Finally, neither Petitioner's *pro se* status nor his unfamiliarity with the law suffices to establish a rare and exceptional circumstance for purposes of equitable tolling.  See *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) ("proceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim."); *Turner v. Johnson*, 177 F.3d  390, 391-392 (5th Cir. 1999) (*per curiam*) ("neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling).

Accordingly, the Court concludes that Petitioner cannot carry his burden of establishing that equitable tolling is warranted in this case.  See *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (party seeking equitable tolling has burden of showing entitlement to such tolling).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1).

SIGNED January 18, 2017.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE